# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>SHOOT THE MOON, LLC,<br><br>    Debtor. | Case No. 15-60979 |
| CAP CALL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JEREMIAH J FOSTER, Chapter 11 Trustee,<br><br>    Defendant. | Adv. No. 17-00028 |
| JEREMIAH J FOSTER, Chapter 11 Trustee,<br><br>    Counter-Claimant,<br><br>v.<br><br>CAP CALL, LLC,<br><br>    Counter-Defendant. | |

MEMORANDUM OF DECISION - 1

| |
|---|
| **JEREMIAH J FOSTER, Chapter 11 Trustee,** |
|     **Third-party Plaintiff,** |
| **v.** |
| **JOHN DOES 1-10,** |
|     **Third-party Defendants.** |
| **WESTERN ALLIANCE BANK,** |
|     **Counter-Claimant,** |
| **v.** |
| **CAP CALL, LLC,** |
|     **Counter-Defendant.** |

## MEMORANDUM OF DECISION

Before the Court are two motions filed by plaintiff and counter-defendant Cap Call, LLC ("Cap Call"). First, is Cap Call's motion to "compel production of documents in compliance with non-party subpoena" against Capital Stack, LLC ("Capital Stack"). Adv. Doc. No. 73 ("Motion to Compel"). Second, is Cap Call's motion to strike Capital Stack's response to the Motion to Compel. Adv. Doc. No. 85 ("Motion to Strike").

MEMORANDUM OF DECISION - 2

**BACKGROUND**

On October 21, 2015, Shoot the Moon, LLC ("Debtor") filed a Chapter 11 bankruptcy petition, commencing case number 15-60979.[1] On November 5, 2015, Jeremiah J. Foster ("Trustee") was appointed trustee over Debtor's bankruptcy estate. Doc. No. 61. On August 21, 2017, Cap Call initiated the above captioned adversary proceeding against Trustee. Adv. Doc. No. 1. Trustee responded with a counterclaim against Cap Call. Adv. Doc. No 17.

On October 1, 2018, Trustee filed a motion to compel discovery against Cap Call seeking, among many other items, communications and agreements between Cap Call and Capital Stack. Adv. Doc. No. 59 at 6. Cap Call responded by providing some of the requested documents. *See* Adv. Doc. No. 64. Cap Call also explained many of the requested documents related to Capital Stack were never in Cap Call's possession or control and asserted the documents were in the possession of Capital Stack. *Id.* at 6–9.

On November 16, 2018, Cap Call served a subpoena on Capital Stack seeking the following:

> 1. Any and all Documents including any contracts or agreements and Communications relating to the business relationship between [Capital Stack] and the Debtor.
>
> 2. Any and all Documents including any contracts or agreements and Communications relating to the business relationship between [Capital Stack] and [Cap Call].

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure. "MLBR" references are to the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the District of Montana.

MEMORANDUM OF DECISION - 3

3. Any and all Documents related to payments made to [Capital Stack] by the Debtor under each contract.

4. Any and all Documents related to the identification of funding sources for each contract.

5. Any and all Documents related to the funds received from funding sources for each contract.

6. Any and all Documents related to all offers from funding sources in relation to the Debtor.

7. Any and all Documents relating to the termination of the relationship between [Capital Stack] and the Debtor.

8. Any and all Documents showing repayments made to each funding source from the transactions involving the Debtor.

9. Any and all Documents substantiating the funds received from the funding source for each contract.

10. Any and all Documents related to payments received by [Cap Call] from the transactions involving the Debtor.

Adv. Doc. No. 73-3 (the "Subpoena") at 9. On December 13, 2018, Capital Stack sent a letter to Cap Call listing its many objections to the Subpoena. Adv. Doc. No. 73-4.

On February 18, 2019, Cap Call filed its Motion to Compel. Capital Stack responded to the Motion to Compel on March 8, 2019, Adv. Doc. No. 81 (the "Response"), and Cap Call filed a Motion to Strike such Response on March 22, 2019. A hearing on the Motion to Compel and the Motion to Strike was held on April 25, 2019, after which the matters were taken under advisement. Both Motions are resolved by this Decision.

MEMORANDUM OF DECISION - 4

**DISCUSSION AND DISPOSITION**[2]

    **A.    Motion to Strike**

As a preliminary matter, the Court must address Cap Call's Motion to Strike. Cap Call argues Capital Stack's Response should be stricken due to Capital Stack's failure to comply with the requirement of Montana Local Bankruptcy Rule 9013-1(f). That rule provides, in relevant part:

> Unless otherwise provided by these Local Rules, any entity objecting to a motion shall file a response and request a hearing within fourteen (14) days of the date of the motion and shall, in the response, notice the contested matter for hearing by including in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption in bold and conspicuous print the Notice of Hearing as specified in the subpart (e) above. . . . If no response and request for hearing is filed within fourteen (14) days of the date of the motion, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.

Cap Call's Motion to Compel was filed on February 18, 2019, and Capital Stack's Response was filed on March 8, 2018—eighteen day after the Motion to Compel was filed. Thus Capital Stack's response was outside the fourteen days provided by the MLBR 9013-1(f). That untimely response also failed to provide the required notice of a hearing on the contested matter. As a consequence of Capital Stack's failure to comply with the rule, the Court *may* deem the failure to respond an admission that the relief sought by Cap Call should be granted and, therefore, grant such relief. However, the Court is not required to do so and may, instead, choose to exercise its discretion to

---

[2] This Decision constitutes the Court's findings and conclusions to the extent required under Rules 7052 and 9014.

consider the matter. *See St. Marie Dev. Corp. of Mont., Inc.*, 334 B.R. 663, 674 (Bankr. D. Mont. 2005). Having considered the history of this case, especially Capital Stack's promptness in curing its violations, the Court will not deem Capital Stack's failure to timely respond as an admission that relief is appropriate. Instead, the Court will address the Motion to Compel on the merits. Cap Call's Motion to Strike will be denied.

### B. Motion to Compel

Cap Call urges the Court to compel Capital Stack to produce the categories of documents listed in its Subpoena. Cap Call explains that it cannot fully respond to Trustee's motion to compel because the documents sought are in the possession and control of Capital Stack. At the hearing on the matter, counsel for Cap Call explained that Cap Call does not have an interest in obtaining the subpoenaed documents beyond its desire to satisfy its obligations to produce the documents sought by Trustee. Cap Call's main motivation in filing the Subpoena and Motion to Compel was to avoid being sanctioned for failing to comply with Trustee's subpoena.

Capital Stack opposes the Motion to Compel, arguing Cap Call seeks information not relevant to the subject matter of this litigation; that the production requests are unduly burdensome and overly broad as to time and scope; that Cap Call did not describe the information and documents requested with sufficient particularity for Capital Stack to respond; and that the Subpoena sought private, privileged, confidential and/or proprietary information regarding Capital Stack. Adv. Doc. No. 81 at 3.

At the hearing, Cap Call clarified that it only sought documents related to the interaction between Cap Call, Capital Stack, and Debtor between November 2014 and

MEMORANDUM OF DECISION - 6

September 2015. Additionally, because Cap Call has no direct interest in the subpoenaed documents sought, and to address Capital Stack's concern that Cap Call might use the information to gain a competitive business advantage, Cap Call agreed Capital Stack could produce the subpoenaed documents directly to Trustee under seal. Capital Stack agreed with such an approach.

Where the commanded party objects to a subpoena duces tecum, Civil Rule 45(d)(2)(B)(i) allows the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Civil Rule 45(d)(2)(B)(i).[3]

Civil Rule 45 also has built-in protections for non-parties who are the targets of subpoenas. As explained by the Ninth Circuit, "[Civil] Rule 45(d) provides two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under [Civil] Rule 45(d)(1) and cost-shifting under [Civil] Rule 45(d)(2)(B)(ii). The latter provision applies to non-parties only, while the former applies

---

[3] Here, compliance was required at 1325 Avenue of America, New York, NY 10019. Accordingly, "the court for the district where compliance is required" is the Southern District of New York. The requirement was intended to avoid "burdens on local nonparties subject to subpoenas." Civil Rule 45(f) advisory committee's note (2013 amendment). However, Civil Rule 45(f) allows a motion to compel to be transferred to the issuing court upon consent of the subpoenaed party. When a motion to compel is heard in the issuing court, many of the concerns regarding the burdens on subpoenaed parties are alleviated by the parties' counsel being admitted *pro hac vice* and by being allowed to participate via telecommunication. *Id*.

Though the Motion to Compel should have been brought initially in the Southern District of New York, the Court deems Capital Stack's response to the Motion and participation in the associated proceedings as consent to the Motion to Compel being heard and decided by this Court. The Court notes that counsel for Capital Stack was admitted *pro hac vice* and was permitted to participate via the Court's video telecommunications system. Thus, any burden Capital Stack may have had in responding to the Motion to Compel in this Court, rather than in the Southern District of New York, was largely, if not entirely, alleviated.

MEMORANDUM OF DECISION - 7

to parties and non-parties alike." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013). These provisions were included in Civil Rule 45 to "enlarge the protections afforded persons who are required to assist the court." *Id.* (quoting *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). Capital Stack has not sought protection under either protective provision, although it does argue the Subpoena is unduly burdensome. Civil Rule 45(d)(2)(B)(ii) places an affirmative duty on the Court to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."

The Court, having considered the parties' arguments, along with the authorities emphasizing protecting subpoenaed non-parties, finds Cap Call's demand for documents related to Capital Stack's funding sources are not adequately justified and will be denied. Cap Call has not shown that the source of the funds Capital Stack used to make cash advances has any relevance to this adversary proceeding. Accordingly, the cost to Capital Stack in searching for and producing those documents was not justified.

The Court's holdings on the specific requests are as follows:

1. Any and all Documents including any contracts or agreements and Communications relating to the business relationship between Capital Stack and the Debtor.

Capital Stack shall produce all contracts and agreements between Capital Stack and Debtor from the period of November 1, 2014 to September 30, 2015.

2. Any and all Documents including any contracts or agreements and Communications relating to the business relationship between Capital Stack and Cap Call.

MEMORANDUM OF DECISION - 8

Capital Stack shall produce the contracts and agreements between Capital Stack and Cap Call that relate to Debtor for the period of November 1, 2014 to September 30, 2015.

3. Any and all Documents related to payments made to Capital Stack by the Debtor under each contract.

Capital Stack shall produce documents related to payments made by Debtor to Capital Stack from the period of November 1, 2014 to September 30, 2015.

4. Any and all Documents related to the identification of funding sources for each contract.

Motion to Compel denied.

5. Any and all Documents related to the funds received from funding sources for each contract.

Motion to Compel denied.

6. Any and all Documents related to all offers from funding sources in relation to the Debtor.

Motion to Compel denied.

7. Any and all Documents relating to the termination of the relationship between Capital Stack and the Debtor.

Capital Stack shall produce all documents related to the termination of the relationship between Capital Stack and Debtor.

8. Any and all Documents showing repayments made to each funding source from the transactions involving the Debtor.

Motion to Compel denied.

9. Any and all Documents substantiating the funds received from the funding source for each contract.

Motion to Compel denied.

MEMORANDUM OF DECISION - 9

10. Any and all Documents related to payments received by Cap Call from the transactions involving the Debtor.

Capital Stack shall produce all documents related to payments received by Cap Call from debtors via Capital Stack's systems during the period of November 1, 2014 through September 30, 2015.

Capital Stack shall produce—directly to Trustee—the required documents within 60 days of the order entered upon this decision. Should Capital Stack desire the subpoenaed documents be produced subject to a protective order, as discussed at the hearing, it may seek such relief.

### C. Sanctions and Attorneys' Fees

Citing Civil Rule 45, Cap Call asks the Court to hold in contempt and sanction Capital Stack "unless and until [Capital Stack] complies with the [Subpoena]." Cap Call also asserts, citing Civil Rule 37, "the Court must require [Capital Stack] to pay [Cap Call's] reasonable expenses in preparing" the Motion to Compel.

In *Stipp v. CML-NV One, LLC (In re Plise)*, 506 B.R. 870, 877 (9th Cir. BAP 2014), a party served a subpoena on a nonparty, Stipp. Stipp sent written objections to the subpoena to the subpoenaing party and did not produce the requested documents. The requesting party filed a motion to compel and sought sanctions against Stipp under Civil Rule 37(a)(5). The bankruptcy court granted the motion to compel and ordered Stipp to pay the subpoenaing party's attorneys' fees associated with the motion to compel.

On appeal, the Ninth Circuit Bankruptcy Appellate Panel held the bankruptcy court abused its discretion in awarding attorney fees and reversed that portion of the order. The Panel explained, "Civil Rule 37 applies only to a party (or deponent) in a contested matter or adversary proceeding." The BAP further explained, "[t]he only authority in the Federal Rule of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Civil Rule 45(e), applicable here through rule 9016." *Id*. *See also, Nguyen v. Golden (In re Pham)*, 2017 WL 5148452, *7 (9th Cir. Nov. 6, 2017) ("The sole basis for enforcing a nonparty's compliance with a subpoena duces tecum for the production of documents is Civil Rule 45." (citing *Stipp*)).

As in *Stipp*, Cap Call's demand for reasonable expenses, especially attorneys' fees, relies on Civil Rule 37. However, its reliance on that rule is misplaced. Because Capital Stack is not a party to this adversary proceeding, Civil Rule 37 is inapplicable and Cap Call's request for expenses under that Civil Rule is denied.

Cap Call also seeks contempt sanctions against Capital Stack under Civil Rule 45(e) for failing to comply with the Subpoena. In 2013, however, the Civil Rules were amended and subsection (e) became subsection (g). Civil Rule 45(g) provides that a court may hold in contempt a party who fails "without adequate excuse" to obey a subpoena. The *Stipp* court explained:

> A nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c). Here Stipp timely served written objections to the subpoenas in accordance with Civil Rule 45(c)(2)(B). This

MEMORANDUM OF DECISION - 11

>qualifies as an "adequate excuse." Having raised timely objections to the subpoenas, Stipp was not required to produce documents, or even start looking for them, until [the requesting party] obtained an order directing compliance.

*Id*. (citations omitted). [4] The Panel held an award of sanctions under Civil Rule 45 against Stipp, who had an adequate excuse for his noncompliance, was erroneous. *Id*. at 879.

While the facts here are similar to those in *Stipp*, they are distinguishable. Here, Capital Stack responded to the subpoena by serving written objections on Cap Call. *See* Adv. Doc. Nos. 73-4, 81-2. Rule 45(d)(2)(B) provides that an objection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." The Subpoena was served on November 16, 2018, and Capital Stack's objection is dated December 13, 2018—twenty-seven days later. Unlike in *Stipp*, the objection to the subpoena was not timely. For that reason, Capital Stack's objection to the subpoena is not a per se "adequate excuse" for purposes of Civil Rule 45(g). The Court is left, therefore, to determine whether to exercise its discretion to award sanctions for Capital Stack's failure to comply with the subpoena.

Having denied several of Cap Call's requests for production and considering the fact that only at the April 25, 2019 hearing on the matter did Cap Call explicitly limit the scope of its requests to the period between November 2014 and September 2015, the

---

[4] Civil Rule 45(c)(2)(B), referenced in *Stipp*, became 45(d)(2)(B) when a new subjection 45(c) was created in 2013.

(Continued)

Court determines sanctions against Capital Stack for failure to comply with the Subpoena are not warranted. Therefore, Cap Call's request for contempt sanctions will be denied.[5]

**CONCLUSION**

Cap Call's Motion to Strike is denied. Cap Call's Motion to Compel is granted to the extent outlined above. Capital Stack shall produce the required documents within sixty days of the order compelling production. Cap Call's request for sanctions under Civil Rules 37 and 45 are denied. The Court will enter an order accordingly.

DATED: May 20, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

---

[5] Further, under all the facts and circumstances, the Court deems it appropriate for the parties in this dispute to bear their owns costs and fees.